UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

TREVIS NELSON                                CIVIL ACTION

VERSUS                                       NO: 12-2890

COOPER T. SMITH STEVEDORING                  SECTION: R
COMPANY, INC.

## ORDER AND REASONS

Plaintiff Trevis Nelson moves to limit the testimony and report of defendant Cooper T. Smith Stevedoring Company, Inc.'s economist, Dr. Kenneth J. Boudreaux.[1] For the following reasons, plaintiff's motion is DENIED.

**I. BACKGROUND**

Plaintiff alleges that he was injured by a spreader bar that broke loose from a crane while he was working as a utility man for Cooper T. Smith Stevedoring Company, Inc. ("Cooper"). He contends that his injury was attributable to defendant's negligence and has sued Cooper under the Jones Act.

Plaintiff seeks to exclude certain opinions offered by Dr. Boudreaux regarding the economic loss plaintiff will suffer because of the reduction in earning capacity resulting from his accident. Dr. Boudreaux provided estimates of the income plaintiff would have earned in the future but for the accident using two different "base wages": one of $45,217.90,

---

[1]   R. Doc. 22.

corresponding to Nelson's earnings in the year before the accident; and one of $23,031.57, corresponding to Nelson's average annual earnings in the four years before the accident.[2] Plaintiff contends that Dr. Boudreaux should be precluded from relying on the latter base wage because it does not fairly reflect Nelson's future earning capacity and "ignore[s]" his advancement at Cooper. Defendant responds that wage averaging is an accepted and reliable method of calculating future economic loss, and contends that it is particularly appropriate in this case given Nelson's inconsistent employment history.

## II. DISCUSSION

The Fifth Circuit established the method for calculating future lost wages in maritime cases in *Culver v. Slater Boat Co.*, 722 F. 2d 114 (5th Cir. 1983). In that case, the court set forth a four-step process for determining lost wages that proceeds as follows: (1) estimate the loss of work life or expected remaining work-life of the plaintiff; (2) calculate the lost income stream; (3) compute the total lost income stream; and (4) discount that total to present value. *Id.* at 117.

The dispute here concerns the second of these four steps, because the wage base is used to calculate the lost income stream.[3] It is well-established in the Fifth Circuit that the

---

[2] *See* R. Doc. 22-3 at 3.

[3] R. Doc. 22-3 at 8-9.

2

trier of fact may rely on a lost income stream calculation that is based on an average wage rate, particularly if the plaintiff has an inconsistent work history. *See, e.g.*, *In re Parker Drilling Offshore USA, LLC*, 323 F. App'x 330, 335 (5th Cir. 2009) (approving district court's use of a five-year average of plaintiff's earnings to calculate lost wages because the plaintiff had an "inconsistent work history"); *Baucom v. Sisco Stevedoring, LLC*, 560 F. Supp. 2d 1181, 1195 (S.D. Ala. 2008) (adopting Dr. Boudreaux's wage-averaging technique because it "accurately capture[d] [plaintiff]'s highly variable base wages"); *Levine v. Zapata Protein (USA), Inc.*, 961 F. Supp. 942, 945-46 (E.D. La. 1996) ("Because of the uncertainty and unpredictability of plaintiff's employment, it is fair and reasonable to utilize the average of these years in order to determine the appropriate annual wage at the time of plaintiff's injury."). Here, plaintiff's deposition testimony discloses that plaintiff held several jobs at varying rates of pay in the years before his accident.[4] Additionally, he changed jobs often and was incarcerated for approximately sixteen months beginning around 2008.[5] Accordingly, it would be reasonable for the jury to conclude that Dr. Boudreaux's calculations based on Nelson's average annual income best capture Nelson's likely future earnings. Exclusion of those calculations is unwarranted.

---

[4] *See* R. Doc. 30-4.

[5] *Id.* at 9.

**III. CONCLUSION**

For the foregoing reasons, plaintiff's motion is DENIED.

New Orleans, Louisiana, this 27th day of August, 2013.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE